UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **JOSUE ELIAS LANZA VELASQUEZ,** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | **CIVIL ACTION NO. 5:26-CV-00038** |
| § | |
| **KRISTI NOEM,** *et al.*, § | |
| § | |
| Respondents. § | |

## ORDER

Pending before the Court is a Petition filed by Petitioner Josue Elias Lanza Velasquez ("Petitioner") for Writ of Habeas Corpus, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is GRANTED IN PART.

### Background

Petitioner is a citizen of Venezuela who entered the United States on or around August 30, 2021, without inspection. (Dkt. 1 at 14; Dkt. 8 at 2.) He was apprehended by U.S. immigration officials after his entry and served with a Notice to Appear ordering him to appear before an Immigration Judge (IJ) for removal proceedings. (Dkt. 1, Attach 1; Dkt. 8 at 2.) Petitioner was later released from custody on his own recognizance pending the outcome of his removal proceedings. (Dkt. 1 at 14, Attach. 2.) He timely applied for TPS benefits under the 2023 redesignation available for Venezuelans. (*Id.*, Attach. 3.) Later, Petitioner re-registered under the Extension of the 2023 Designation of Venezuela for TPS. (*Id.*, Attach. 4.)

On, November 18, 2025, Petitioner was redetained by U.S. immigration officials at a routine ICE check-in. (*Id*. at 15; Dkt. 8 at 2.) Petitioner filed his Petition for Writ of Habeas Corpus on January 12, 2026. (Dkt. 1 at 1.) Petitioner argues that he is being unlawfully detained under 8 U.S.C. § 1225(b)(2), which subjects noncitizens to mandatory detention during removal proceedings. (*Id*. at 16–21.)

Petitioner argues that he cannot be detained pursuant to 8 U.S.C. § 1225(b)(2) for two independent reasons. First, he argues that he cannot be detained because he holds lawful TPS status under 8 U.S.C. § 1254a(d)(4) which states that "[a]n alien provided temporary protected status under this section shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States." (*Id*. at 1.) He argues that his TPS status remains valid because he is the beneficiary of the relief granted in a class action lawsuit filed by the National TPS Alliance (NTPSA) on behalf of certain TPS holders. *See Nat'l TPS All., et al. v. Noem, et al.*, No. 3:25-cv01766-EMC (N.D. Cal. Feb. 19, 2025); (*Id.* at 3–8). On December 10, 2025, the Northern District of California issued a final judgment declaring the earlier vacatur of the January 17, 2025, extension of TPS for Venezuela and termination of Venezuela's 2023 TPS designation by Secretary of Homeland Security Kristi Noem unlawful. *See Nat'l TPS All. v. Noem*, 2025 WL 3539156, at *3 (N.D. Cal. Dec. 10, 2025). Petitioner argues that, as a member of NTPSA, he is a party to that case and a beneficiary of the District Court's order. *See, e.g., Burlington Ins. Co. v. Oceanic Design & Constr., Inc.*, 383 F.3d 940, 952 (9th Cir. 2004) ("[a] declaratory judgment is a binding adjudication that establishes the rights and other legal relations of the parties where those rights are in doubt") (citation omitted). He asks the Court to enforce his rights as adjudicated by the District Court via injunctive relief and order his immediate release from immigration custody. (*Id.* at 16–18.)

Second, Petitioner argues that, regardless of whether his TPS status remains valid, he cannot be detained pursuant to 8 U.S.C. § 1225(b)(2) because he is a noncitizen who initially entered the United States without inspection and was residing in the United States prior to being apprehended by ICE. (*Id*. at 9–13.)  Therefore, he argues that 8 U.S.C. § 1225(b)(2) is not applicable to his present detention because he was not "seeking admission" at the time of his apprehension. (*Id.*) On both grounds, Petitioner asks the Court to order his immediate release from ICE custody. (*Id*. at 20.)

**Discussion**

Based on its prior analysis of the relevant issues, the Court can grant Petitioner relief on his second claim challenging the applicability of 8 U.S.C. § 1225(b)(2) to noncitizens apprehended within the United States following an unlawful entry. Therefore, the Court does not address Petitioner's TPS claim in the interest of promptly granting him the relief he is entitled to.

 The issue presented in is principally one of statutory interpretation: whether Petitioner is properly subject to immigration detention under 8 U.S.C. § 1225(b)(2), which allows for mandatory detention during removal proceedings for noncitizens "seeking admission" in the United States. Petitioner's claim raises nearly identical legal issues to those previously considered by the Court in *Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025). Because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result as to the relevant detention authority in this case, the Court is unpersuaded to alter its prior position with respect to this issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has been residing in the United States, Petitioner is cannot lawfully be detained under 8 U.S.C. § 1225(b)(2). This finding is based on the statute's plain text, congressional intent, canons of

statutory interpretation, legislative history, and longstanding agency practices. *See Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025); *see also Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1304 n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases).

Therefore, the Court finds that the appropriate remedy in this case is immediate release in accordance with the Court's reasoning as set out in *Cruz-Reyes v. Bondi*, 5:26-cv-00060, Dkt. No. 20 (S.D. Tex. Feb. 3, 2026).

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED IN PART**. Respondents' Response to the Petition for Writ of Habeas Corpus, and Motion to Dismiss, and in the Alternative, for Summary Judgment, (Dkt. 8), is **DENIED**.

1.  Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2.  Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release no less than three hours prior to Petitioner's release from custody.

4.  Within two weeks of the date of this Order, the parties shall **FILE** advisories with the Court indicating whether the parties oppose entry of a final judgment in this case.

IT IS SO ORDERED.

SIGNED this February 5, 2026.

_____
Diana Saldaña
United States District Judge